Moses M. Weinstein, J.
This is a motion brought on by the People to set aside a guilty plea.
On October 3, 1974 the defendant Arthur Dorsey was indicted by the Queens County Grand Jury for criminal possession of a controlled substance in the fifth degree, a class C felony, for smuggling over four pounds of drugs through Customs at JFK International Airport. (Penal Law, § 220.09.)
On October 28, 1974 after a conference, at which the defendant’s counsel assured the court that the defendant had no prior record, the defendant was permitted by the court on the recommendation of the prosecutor to enter a plea of guilty to criminal possession of a controlled substance in the seventh degree, a class A misdemeanor. (Penal Law, § 220.03.)
The Assistant District Attorney, in recommending acceptance of the plea, stated in the presence of the defendant, who remained silent, that the plea was approved by the Chief of the Queens District Attorney’s Narcotics Bureau based on the fact that "the police report on the defendant indicates no prior contact with the police.” The court then accepted the plea and set a sentencing date.
Before the sentencing date the court was informed by the Department of Probation that the defendant had at least eight *1074 prior criminal involvements in the State of Illinois. A brief outline of those involvements follows:

Date Offense Court Disposition

10/21/64 Burglary Chicago, 111. Released
Investigation
1/10/65 Robbery Chicago 9/01/65
Theft Cook Cty. 1-5 years
8/31/65 Armed Robbery Chicago 1/7/66, 2-10 yrs.
Joliet State Penn.
5/17/67 Resisting Arrest Cook Cty. $10 $5
10/24/67 Battery Cook Cty. No Disp.
3/11/68 Theft (Petty) Cook Cty. No Disp.
4/21/68 Battery Cook Cty. No Disp.
4/29/68 Indecent Liberties Chicago, 111. 6-10 years
W/Child Joliet State Penn.
The court is advised by the Parole Board of the State of Illinois that the defendant was received by the State penal system on January 7, 1966 on a mittimus indicating one conviction of robbery and one conviction of armed robbery, for which the defendant had received two consecutive sentences of 1 to 5 years. On November 22, 1966 he was paroled but a parole violation was filed upon his rearrest for taking indecent liberties with a child. On April 29, 1968 he was returned to prison and served on all three convictions. On November 30, 1969 he was discharged on the first two convictions but continued to serve on the indecent liberties conviction. On October 15, 1973 he received a mandatory release and was finally discharged on March 30, 1974 from Vienna State Penitentiary.
CPL article 220 governs the prosecution of indictments in superior courts from plea to sentence. CPL 220.10 establishes the kinds of pleas which may be entered to an indictment. CPL 220.10 (subd 6, par [b]) is directly applicable to this case: "Where the indictment charges a felony and it appears that the defendant has previously been subjected to a predicate felony conviction as defined in penal law section 70.06 then any plea of guilty entered pursuant to subdivision four or five must be or must include at least a plea of guilty of a felony.”
Section 70.06 of the Penal Law defines a second felony offender as a person who stands convicted of a felony after having previously been subjected to one or more predicate felony convictions. A predicate felony conviction is defined as a conviction in this State of a felony or in any other jurisdiction of an offense for which a sentence to a term of imprison *1075 ment in excess of one year was authorized and sentence on such prior conviction was imposed before commission of the present felony. Such sentence must have been imposed not more than 10 years before the commission of the felony for which the defendant presently stands convicted.
The People contend, and the defendant does not dispute, that the defendant is a second felony offender. It is, therefore, clear that the defendant is precluded from pleading to a misdemeanor because he has a predicate felony conviction. Such a plea is in violation of the laws of the State of New York. The District Attorney has, innocently, by recommending the acceptance of the plea, engaged in a violation of the law. The court, by an acceptance of the plea, would also be in violation of the law.
The defendant offers the novel contention that the court is bound by its initial acceptance of the illegal plea. To sustain the defendant’s position would make a mockery of our entire system of justice. The defendant attempted to deceive the court and the District Attorney. He did not succeed. He now maintains that he must be given the benefit of that attempted deception even though it failed. By allowing defendant’s argument to prevail, the court would be giving defendant a license to lie, trick and defraud the court. That, the court cannot do.
The court has the inherent power to reopen a judgment. The question here is not whether the prosecutor made a mistake or whether the defendant deceived and defrauded the court, although it is the court’s opinion that he did. The essential fact here is that the agreed upon plea is illegal.
Based on the provisions of the CPL the court finds that the acceptance of the plea was illegal and prohibited. Therefore, on the court’s own motion, it is hereby ordered, that the plea is set aside and the indictment is reinstated.