Frank C. Bowers, Jr., J.
The above-named defendant was indicted by the Putnam County Grand Jury on May 23, 1974, and charged with the crimes of criminal possession of stolen property in the first degree, a class D felony, and criminal possession of stolen property in the third degree, a class A misdemeanor. On June 11, 1975, the defendant offered a plea of guilty to unauthorized use of a motor vehicle, a class A misdemeanor, and to unauthorized use of a credit card, a class A misdemeanor, such plea being accepted by the court upon the recommendation of the People.
Subsequent to the entry of such plea and before sentencing it was found that the defendant had been charged with and convicted for a series of crimes in the State of Connecticut prior to the crimes for which he was indicted in this county. Under CPL 220.10 (subd 6, par [b]): "Where the indictment charges a felony and it appears that the defendant has previously been subjected to a predicate felony conviction as defined in penal law section 70.06 then any plea of guilty entered pursuant to subdivision four or five must be or must include at least a plea of guilty of a felony.”
On this motion by the People to vacate the plea it is contended that the finding of prior felony convictions renders the plea entered herein illegal. The affidavit in opposition to the motion, submitted by defendant’s attorney alleges that there has been a failure by the People to show that the defendant had previously been subjected to a predicate felony conviction as defined in section 70.06 of the Penal Law and further that the District Attorney was aware of the defend *168 ant’s past record and that the defendant would be severely prejudiced by a grant of the People’s motion.
The Penal Law (§ 70.06, subd 1, par [b]) specifies the criteria for a "predicate felony” as follows:
"(i) The conviction must have been in the state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state irrespective of whether such sentence was imposed;
"(ii) Sentence upon such prior conviction must have been imposed before commission of the present felony * * *
"(iv) * * * sentence must have been imposed not more than ten years before commission of the felony of which the defendant presently stands convicted”.
Submitted with and attached to the People’s moving papers is a copy of the police record of the defendant in the State of Connecticut, as certified by Edward P. Leonard, Commissioner of the Connecticut State Police, through Captain Paul E. Seaman, Commanding Officer. The record shows 23 arrests on various charges, dating from June of 1958. Ten of these arrests occurred subsequent to June of 1968, and thus within the period applicable to section 70.06 of the Penal Law.
CPL 220.10 (subd 6, par [b]) mandates a plea to at least a felony where a prior felony conviction has been obtained within the criteria of 70.06 and leaves no discretion in the matter to the Trial Judge (cf. Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, CPL 70.06, p 215). Under such a situation, any plea to a lesser crime would be in violation of law and a nullity. (People v Dorsey, 81 Misc 2d 1073.) In the instant case, however, the record submitted by the People contains only a list of those crimes Mr. Michener had been charged with and the subsequent sentences imposed. It cannot therefore be determined from the moving papers whether the defendant was convicted of a predicate felony as defined above.
Plaintiffs motion is therefore denied, without prejudice to renewal upon designation of and proper proof of the predicate felony conviction or convictions (per CPL 60.60, subd 1) upon which the People rely.
This shall constitute the decision and order in this matter.
To commence the statutory time period for appeals as of *169 right (CPLR 5513, subd [a]), you are advised to serve a copy of this order with notice of entry, upon all parties.