■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS KOSLOW, Appellant.—Appeal by the defendant, as limited by his motion, from two sentences of the County Court, Suffolk County (Tisch, J.), both imposed July 31, 1989, upon his convictions of attempted assault in the first degree under indictment No. 1110/88 and criminal mischief in the third degree under indictment No. 1754/88, upon his pleas of guilty, the sentences as to each indictment being an indeterminate term of 3½ to 7 years' imprisonment and a mandatory surcharge of $100.

Ordered that the sentence imposed under indictment No. 1110/88 is affirmed; and it is further,

Ordered that the sentence imposed under indictment No. 1754/88 is modified, on the law, by reducing the term of imprisonment to an indeterminate term of 2 to 4 years' imprisonment; as so modified, the sentence is affirmed.

As the People concede, and we agree, the term of imprisonment of 3½ to 7 years imposed upon the defendant's conviction of criminal mischief in the third degree as a second felony offender (Penal Law § 145.05) was illegal. The maximum sentence which the defendant could have received as a second felony offender for that class E felony was 2 to 4 years' imprisonment (see, Penal Law § 70.06 [4] [b]; [3] [e]; *People v Brown*, 150 AD2d 472).

Under the circumstances of this case, we do not find the sentence imposed upon the defendant's conviction of attempted assault in the first degree to be unduly harsh or excessive. In any event, the trial court conditioned its sentencing promise of 2 to 4 years' imprisonment upon the defendant appearing on the date scheduled for sentencing, apprising him that if he failed to appear the court would sentence him to 3½ to 7 years' imprisonment with respect to that crime. The defendant's appearance at sentencing was procured by a warrant and, thus, the court properly imposed the term of 3½ to 7 years.

The defendant's challenge to the imposition of the mandatory surcharges is premature (see, *People v West*, 124 Misc 2d 622; see also, *People v Santos*, 149 AD2d 633). Mangano, P. J., Thompson, Lawrence and Miller, JJ., concur.