■ In the Matter of RONALD KLEIN, Petitioner, v JAMES COWHEY, Respondent, and EDWARD J. KURIANSKY, Intervenor. —Proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the respondent, a Justice of the Supreme Court, from moving Westchester County indictment No. 88-00686 against the petitioner to trial, and motion by the Deputy Attorney-General for Medicaid Fraud Control to intervene in the proceeding.

Upon the papers submitted in support of the motion and the papers submitted in opposition and relation thereto, it is,

Ordered that the motion is granted; and it is further,

Adjudged that the petition is denied, and the proceeding is dismissed, with one bill of costs.

It is beyond dispute that courts may vacate fraudulently obtained guilty pleas upon applications by the prosecutor, provided there is no constitutional impediment *(see, Matter of Lockett v Juviler,* 65 NY2d 182, 187). In the instant case, the Deputy Attorney-General for Medicaid Fraud Control notified the petitioner by letter dated October 5, 1989, that "in the opinion of this Office, you have provided both false and materially incomplete information with respect to your personal assets, in breach of our Plea Agreement, dated May 26, 1989". The motion papers establish the existence of a plea agreement which the petitioner has materially breached. In view of that breach, the court was not bound to fulfill its sentencing promise and had the authority to vacate the petitioner's guilty plea *(see, People v Sichenzia,* 155 AD2d 702). Moreover, inasmuch as the petitioner was never sentenced with respect to the underlying indictment, there was no "prior prosecution" within the meaning of CPL 40.30 (1) and his double jeopardy claim is baseless. Mangano, P. J., Thompson, Bracken, Rubin and Balletta, JJ., concur.