■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY ALZATE, Appellant. [598 NYS2d 564] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered April 14, 1991, convicting him of criminal sale of a controlled substance in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty with the understanding that he would be allowed to replead to a less serious charge only if

the People reported that his subsequent cooperation led to significant arrests or sizable drug seizures. It was made abundantly clear to the defendant that positive results were necessary and that it would be insufficient if his attempts were unsuccessful. At sentencing, the prosecutor informed the court that there had been no results from the defendant's cooperation. After further discussion, the court offered the defendant the opportunity to withdraw his plea and proceed to trial. The defendant expressly declined and instead moved to dismiss the indictment in the interest of justice, insisting that he lived up to his end of the bargain.

The defendant's claim on appeal that the court should have allowed him to replead to a lesser charge is without merit. The defendant made no showing that he detrimentally relied upon the agreement or that vacatur of the plea would not restore him to the same position he was in before the plea was taken (see, People v McConnell, 49 NY2d 340; People v German, 153 AD2d 588; People v Hofmann, 151 AD2d 604).

We have considered the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., O'Brien, Copertino and Santucci, JJ., concur.