[629 NYS2d 773]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIN APONTE, Appellant.

Second Department, July 17, 1995

## APPEARANCES OF COUNSEL

*Daniel L. Greenberg,* New York City *(Jeffrey I. Richman* of counsel), for appellant.

*Charles J. Hynes, District Attorney* of Kings County, Brooklyn *(Roseann B. MacKechnie* and *Danna Robbins* of counsel; *James M. McCarthy* and *Noelle Donovan* on the brief), for respondent.

### OPINION OF THE COURT

BALLETTA, J.

■ The defendant was charged under Kings County Indictment No. 6145/93 with the crimes of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. The defendant pleaded guilty to the crime of manslaughter in the first degree in full satisfaction of the indictment. The question now arises whether the Supreme Court properly increased the defendant's plea of guilty from manslaughter in the first degree to murder in the second degree because the defendant failed to cooperate with the District Attorney's office as he had promised when he pleaded guilty. We conclude that the Supreme Court acted improperly.

Since the defendant, as part of the plea agreement, agreed to waive his right to appeal "anything that has gone on thus

far, as well as this plea," we must first determine whether the defendant's claims are properly before this Court.

█ The defendant contends, citing this Court's decision in *People v Bray* (154 AD2d 692), that his waiver of his right to appeal was not knowing and intelligent because the Supreme Court grouped his right to appeal with his other rights. The defendant's contention is without merit. In *People v Bray (supra),* this Court held that the defendant had not knowingly and intelligently waived his right to appeal because the court had included the defendant's right to appeal among the panoply of rights he was automatically waiving as a consequence of his plea of guilty. However, *People v Bray (supra)* is distinguishable from this case. Although the Supreme Court in this case included the defendant's right to appeal with the various other rights that the defendant was automatically waiving by virtue of his guilty plea, it was clearly stated at the outset of the plea proceeding that the defendant agreed to waive his right to appeal as a condition of pleading guilty.

The defendant also contends that, even if the waiver of his right to appeal was effective, his right to challenge the legality of his conviction of murder in the second degree was not waived. This contention has merit.

In *People v Seaberg* (74 NY2d 1), the Court of Appeals held that, when a defendant knowingly, intelligently, and voluntarily waives his right to appeal as part of a plea agreement, the waiver will be given full force and effect. However, the Court of Appeals also stated that, even when there has been a waiver of the right to appeal, "a defendant always retains the right to challenge the legality of the sentence or the voluntariness of the plea" *(People v Seaberg, supra,* at 10; *see also, People v Callahan,* 80 NY2d 273, 280; *People v Jackson,* 203 AD2d 302; *People v Saa,* 199 AD2d 346). Moreover, it is well settled that, as a matter of public policy, "[a]ny conditions of a plea agreement * * * must be lawful" *(People v Curkendall,* 141 AD2d 891). "Conditions imposed as part of a plea arrangement are valid if the parties agree to them and they do not violate any statute or contravene public policy" *(People v Avery,* 85 NY2d 503, 507).

█ The court in this case informed the defendant that he would be pleading guilty to manslaughter in the first degree with a sentence of 10 to 20 years' imprisonment but that, if he failed to cooperate with the District Attorney's office, his plea would be changed to murder in the second degree with a

maximum sentence of 25 years to life imprisonment. The prosecutor then explained that, if the defendant did not cooperate and testify truthfully, then "it would be as if he [had] pled guilty to murder in the second degree." The defendant stated that he understood. The court again explained that, if the defendant failed to cooperate, "it would be as if you pleaded to murder in second degree." The defendant then pleaded guilty to manslaughter in the first degree. In doing so, he admitted that on May 24, 1993, with intent to cause the death of another, he caused the death of the victim by shooting him with a handgun.

At sentencing, the defendant stated that he had not cooperated with the District Attorney's office because he had feared for his safety and the safety of his family. The court asked the defendant if he understood that he would be sentenced to murder in the second degree, and the defendant replied, "Yes, ma'am." Prior to the court imposing sentence, defense counsel objected because there might be a jurisdictional issue on appeal with regard to whether the sentencing court could legally increase the plea from manslaughter in the first degree to murder in the second degree. The court then sentenced the defendant to 20 years to life imprisonment. In addition, the court's papers were marked to reflect a plea of guilty to murder in the second degree rather than manslaughter in the first degree.

The defendant contends on appeal that his conviction of murder in the second degree violates CPL 220.50 because he pleaded guilty to manslaughter in the first degree, not murder in the second degree, and that his plea of guilty is a nullity because it violates the Criminal Procedure Law.

CPL 220.50 (1) provides that "[a] plea to an indictment * * * must be entered orally by the defendant in person." The Court of Appeals has held that the acceptance of a plea of guilty by defense counsel in open court and in the presence of the defendant does not warrant reversal of the defendant's conviction (see, People v Sadness, 300 NY 69, cert denied 338 US 952; see also, People v Bellis, 78 AD2d 1014).

The defendant did not plead guilty to murder in the second degree either personally or through his attorney. Indeed, the transcript of the plea proceeding clearly indicates that the defendant pleaded guilty only to the crime of manslaughter in the first degree. Therefore, the court violated the Criminal Procedure Law when it automatically converted the defen-

dant's guilty plea from manslaughter in the first degree to murder in the second degree. A conviction of murder in the second degree could only have been entered against the defendant either after a plea of guilty thereto or after a verdict finding him guilty thereof.

When a plea is entered in violation of the Criminal Procedure Law and the error is jurisdictional, such a plea must be vacated *(see, People v Boston,* 75 NY2d 585). In *People v Boston (supra),* after the defendant was indicted, he agreed to waive the indictment and to enter a plea of guilty on a superior court information. The Court of Appeals held that the plea of guilty had to be vacated or nullified because the plea procedure violated CPL 195.10, which provides that an indictment can only be waived prior to the filing of the indictment by the Grand Jury. The Court of Appeals also held that the error did not have to be preserved for appellate review because it was jurisdictional, affecting the " 'organization of the court or the mode of proceedings prescribed by law' " *(People v Boston, supra,* at 589, n 2). Moreover, "[a] defendant in a criminal case cannot waive, or even consent to, error that would affect the organization of the court or the mode of proceedings proscribed by law" *(People v Patterson,* 39 NY2d 288, 295, *affd* 432 US 197). A plea of guilty to a specific crime involves the "mode of proceedings proscribed by law". Therefore, the error in this case is jurisdictional in nature.

This is not a case in which the court merely enhanced the defendant's sentence due to his failure to abide by the conditions of the plea agreement *(see, e.g., People v Outley,* 80 NY2d 702; *People v Koslow,* 160 AD2d 954). Rather, the court enhanced the defendant's conviction from manslaughter in the first degree to murder in the second degree. We are unaware of any authority for such a procedure, and the People are unable to cite to any.

Having expressly warned the defendant that acceptance of his plea was conditioned on his cooperation with the District Attorney's office, when the defendant failed to cooperate, the court should have vacated his plea of guilty to manslaughter in the first degree and given the defendant the option of either pleading guilty to murder in the second degree or proceeding to trial *(see, Matter of Klein v Cowhey,* 161 AD2d 643; *see also, People v Bartley,* 47 NY2d 965). In the alternative, the court could have allowed the defendant to plead guilty to murder in the second degree in the first instance on

the condition that, if he cooperated with the prosecution, he would be allowed to plead guilty to manslaughter in the first degree *(see, e.g., People v Alzate,* 194 AD2d 545; *People v Avery, supra).* Another alternative might have been for the defendant to waive his right to a speedy trial and for the court to withhold the acceptance of any plea until the defendant had complied with the terms of the plea agreement.

The People contend that the defendant's conviction is proper because the defendant's factual allocution establishes conduct that constitutes murder in the second degree and because the defendant clearly understood the terms of the plea agreement. However, as previously discussed, this contention is without merit because the defendant pleaded guilty to manslaughter in the first degree, not murder in the second degree.

Accordingly, the defendant's judgment of conviction is reversed, his plea of guilty is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

BRACKEN, J. P., RITTER, PIZZUTO and FLORIO, JJ., concur.

Ordered that the judgment of conviction is reversed, the plea of guilty is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.