*545 OPINION OF THE COURT
David Goldstein, J.
Defendant was convicted on a plea of guilty to robbery in the first degree, entered November 29, 1993. The plea, entered on the top count of the indictment and with the District Attorney’s consent, included a promised sentence of incarceration for 31/a to 10 years.
The plea minutes reflect a full allocution, defendant’s awareness of the rights he was relinquishing, and his waiver of the right to appeal. Plainly, the plea was entered freely and voluntarily, defendant admitting that, on July 2, 1993, on North Conduit Avenue, in Jamaica, New York, he pulled a handgun and robbed an off-duty police officer, who was on the telephone at the time. Defendant was shot and arrested as he attempted to leave the scene.
According to defendant, when he attempted to leave, the victim shot him as he turned to walk away after the robbery. Later in the plea allocution, defendant admitted that, after the complainant had identified himself as a police officer and instructed him to freeze, defendant turned and pointed his gun at the officer, who shot him. Medical records reflect that the wound entered defendant’s abdomen and exited his back. The promised sentence was based upon information from defendant that this was his first and only conviction. Included in the plea minutes is the following:
"the court: You understand you would be subject to additional punishment as a multiple offender if it is discovered that you have been previously convicted of a felony within the last ten years.
"Now, your attorney advises us that you have not been previously convicted of a felony. However, if it is found that you have been, the Court would be obliged to sentence you as a predicate felon, despite any other promise I may have told [you] about; do you understand that?
"the defendant: Yes.”
Following this exchange, in response to a question by the District Attorney, defendant stated, also under oath, that he had never been previously convicted of a crime, in this jurisdiction or elsewhere. Included in the plea minutes is the following:
"mr. nussdorf: Mr. Joyner, have you ever been previously convicted of a crime in this jurisdiction or any place else?
"the defendant: No.
*546 "mb. goldenberg: Your Honor, according to my client’s NYSIS sheet, this is his first arrest.”
Subsequently, on February 1, 1994, defendant was sentenced under the name Stanley Joyner, to a term of incarceration of 31h to 10 years. At the time, new fingerprints did not disclose any other arre.sts and defendant reassured his attorney and the court that he was Stanley Joyner and that this was "the only name he has”. (Sentence minutes, Feb. 1, 1994, at 2-3.) Defendant has been incarcerated since that time, most recently in Midstate Correctional Facility.
On August 14, 1996, the Division of Parole advised the court that defendant had a long history of arrests for "aggressive crimes [mostly robberies]”, a prior felony conviction and a violation of probation while serving that sentence. He had used many aliases and false dates of birth and had four NYSID numbers. The new combined record and controlling NYSID number v/hich was assigned was 6080807Q. The communication to the court, received only one month before defendant would have been eligible for parole, showed that, inasmuch as he had a prior felony conviction (Nov. 4, 1988, for attempted robbery in second degree, Sup Ct, NY County, indictment No. 5268/88), his sentence in this case was illegal. Although not relevant here, defendant’s revised rap sheet also reflects two misdemeanor convictions and an outstanding bench warrant on a prior felony charge under the name Damon Rucker, in Supreme Court, Kings County, involving charges, inter alia, of robbery in the first degree and criminal possession of a weapon in the second degree. As a result of the foregoing, the court issued an order directing defendant to be brought before it, placed the matter upon the calendar for September 18, 1996, and advised defense counsel and the District Attorney that it would consider appropriate action to correct the illegal sentence. Subsequently, at defendant’s request, the same attorney who had represented him initially was appointed as 18-B counsel (County Law art 18-B).
Over the past four months, the matter has appeared on this court’s calendar numerous times. Defendant was accorded an opportunity to address or submit a memorandum on the issue as to the legality of the sentence, but declined to do so.
It is undisputed that the People may not move to set aside the sentence upon the ground that it was invalid, since more than one year has elapsed since imposition of the sentence. (CPL 440.40 [1].) Nevertheless, this court does have inherent power to correct a sentence where the correction relates to *547 clerical mistakes or errors. (See, People v Minaya, 54 NY2d 360, cert denied 455 US 1024.) This is so even where the one-year period imposed by CPL 440.40 (1) has expired. The court also has inherent power to correct an illegal sentence imposed by a clerical or judicial error, which deviates from what was intended by the parties. (See, People v Wright, 56 NY2d 613, where it was recognized that CPL 440.40 [1] imposed a time limitation on the People in terms of a motion to vacate an invalid sentence, but no similar limitation on the court’s power to correct its own error.)
It has been recognized, in this connection, that the court does have inherent power to vacate judgments obtained by fraud, deceit, trickery, coercion or misrepresentation. (Matter of Lockett v Juviler, 65 NY2d 182; see also, Matter of Lyons v Goldstein, 290 NY 19.)
In Matter of Lockett (supra) the sentencing court had accepted a plea of "not responsible by reason of mental disease or defect” (CPL 220.15), alleged to have resulted from posttraumatic stress disorder, emanating from defendant’s Vietnam War experiences. When it was later learned that defendant had never been in Vietnam, a motion was made to vacate the plea as one induced by fraud. The Court of Appeals upheld the inherent power of the sentencing court to vacate an order and judgment obtained by fraud or misrepresentation. (Matter of Lockett v Juviler, supra, at 186-187.)
In Matter of Lyons v Goldstein (supra, 290 NY, at 26) the Court of Appeals observed: "No statute has been called to our attention, nor have we been able to find any, where a competent court has been denied jurisdiction to reopen its judgment where the same was based upon trickery, deceit, coercion or fraud and misrepresentation in the procurement of the plea upon which the judgment was based.”
Similarly, in People v Smith (223 AD2d 465) defendant had entered a guilty plea and was promised a sentence as a first offender, at the time, not disclosing that he had a prior felony under a different name. He thereafter did not appear for sentencing and did not attend the court employment program, having been involuntarily returned on a warrant two years later. The court refused to permit defendant to withdraw his plea, sentencing him as a second felony offender, which was affirmed, the Appellate Division, First Department, upholding the refusal to vacate the plea and concluding that defendant "should not be permitted to benefit from the fraud he perpetrated (People v Floyd, 177 AD2d 310, 313, lv denied 79 NY2d *548 947)”. (People v Smith, 223 AD2d, at 466.) In doing so, the appellate panel recognized that defendant "had violated all four conditions of his plea”. (Supra.)
In People v Ryan (168 Misc 2d 961) it was held that the court had the inherent power to vacate an illegal sentence, where, as there, defendant’s fraud and misrepresentation as to his name and criminal record induced him to be improperly sentenced as a first-time felony offender. Justice Goldberg reviewed the applicable authorities and held "there exists the inherent authority in appropriate cases, such as this, to vacate a judgment obtained by fraud or misrepresentation even after one year.” (Supra, at 969.) In doing so, the court rejected defendant’s contention that there should be imposed upon the Probation Department a duty to exercise "due diligence” to uncover defendant’s fraud within the one-year period provided by CPL 440.40 (1). (See, People v Scarbrough, 66 NY2d 673.) As noted, this period applies to a motion by the People, not to action by the court, sua sponte, to correct the fraud or deceit.
And, in People v Dorsey (81 Misc 2d 1073) defendant had entered a plea based upon his lack of any prior criminal record. When it was subsequently learned that he had an extensive criminal history, with several felony convictions, the court held that it was not bound by the initial acceptance of the plea, Justice Moses M. Weinstein observing (81 Misc 2d, at 1075): "To sustain the defendant’s position would make a mockery of our entire system of justice. The defendant attempted to deceive the court and the District Attorney. He did not succeed. He now maintains that he must be given the benefit of that attempted deception even though it failed. By allowing defendant’s argument to prevail, the court would be giving defendant a license to lie, trick and defraud the court. That, the court cannot do.”
In this case, it clearly appears that defendant knowingly and intentionally pursued a course of action which, as its prime objective, deceived and prevented this court from imposing the type of sentence, in terms of time, which was mandated by law in view of defendant’s concealed status as a predicate felon. In such case, evincing a calculated pattern of deception and misrepresentation, appropriate action must be taken to correct and alleviate the fraud. Moreover, where, as here, the express terms of the plea bargain include defendant’s acknowledgment and acceptance that this court may and will impose a proper sentence as a second felony offender, if it is ascertained that he is a predicate felon, there is nothing to prevent that promise *549 from being given effect. Plainly, this was a condition to and promise imposed as part of the plea agreement and, since agreed to by the parties and neither violative of any statute nor in contravention of public policy, it should be enforced. The efficacy and integrity of the criminal justice system demands no less.
Upon that basis, I disagree with the suggestion by Justice Goldberg in People v Ryan (supra, at 969-970) that defendant could be afforded the option to withdraw his plea if he is to be resentenced as a predicate felon. To the contrary, where, as here, defendant is advised during the plea allocution that he will be sentenced as a predicate felon if it is subsequently learned that he had a prior felony conviction, and he agrees to this, there is nothing to prevent the promised sentence from being imposed. Nor is there any basis to afford him the option to withdraw the plea. This should apply, whether the fraud is uncovered prior to sentence or some time thereafter. In either case, the sentence resulted from a deliberate fraud and deception, contrived by defendant, which should not be countenanced by the court.
Under the circumstances, upon the foregoing, the illegal sentence which had been imposed is vacated, sua sponte. Inasmuch as defendant is a second felony offender, the sentence may not stand. Defendant’s request for a sentence of 5 to 10 years is improper. It is below the 6-to-12-year minimum for the crime and, therefore, would be an illegal sentence in any event. In my view, a sentence of 6 to 12 years would be far too lenient to serve as appropriate punishment for this violent crime, directed, as it was, at a police officer, not to mention the fraud perpetrated upon the court, the effect of which could and should subject defendant to additional charges for perjury.
As noted, it was only after defendant learned the victim was a police officer, albeit off duty, that he pointed his gun at the officer and was shot before any harm could be inflicted upon the victim. Taking into account the range of available sentences which could have been imposed initially, if defendant actually had been a first-time felony offender and, bearing in mind the fraud and deceit perpetrated by this defendant, in terms of multiple names, dates of birth and NYSID numbers, and the extreme and violent nature of the crime, directed as it was at one of "New York’s Finest”, the matter shall be restored to the court’s calendar and the People are directed to produce the defendant on February 13, 1997, for resentencing as a second felony offender.
*550 In my view, based upon the updated probation report, the report and records submitted by the Division of Parole, and all of the facts and circumstances, a sentence should be imposed of 10 to 20 years, which, this court has been advised, may also include the open Kings County case, where defendant may have been promised concurrent time. Such a term for a violent predicate would be mathematically identical to the SVs-to-lOyear sentence which had been imposed when it was believed that defendant was a first-time offender. Inasmuch as both are one and two thirds of the minimum sentence, they bear an identical statistical proportionality.