■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOPETON MINOTT, Appellant. [680 NYS2d 104] —Appeal by the defendant, as limited by his motion, from an amended judgment of the County Court, Westchester County (Leavitt, J.), rendered May 8, 1997, which, upon vacating a judgment of the same court rendered February 5, 1996, imposing a sentence of five years probation as a youthful offender upon his conviction of manslaughter in the first degree, imposed a sentence of an indeterminate term of imprisonment of three to nine years.

Ordered that the amended judgment is affirmed.

The circumstances of this case are accurately recited in the decision and order of the County Court revoking the defendant's original probationary sentence as a youthful offender (*see, People v Minott,* 172 Misc 2d 916). Upon our review of the record we agree with the determination of the County Court that defense counsel, in the defendant's presence, affirmatively and voluntarily misled the court as to the defendant's innocence on other charges then pending in Kings County, to induce the County Court to impose a probationary sentence as a youthful offender upon the defendant's conviction for manslaughter in the first degree. The defendant thereafter entered a plea of guilty in satisfaction of the Kings County indictment. Accordingly, the County Court had the inherent authority to revoke the youthful offender sentence as having been obtained by fraud and deceit (*see, People v Calderon,* 79 NY2d 61; *Matter of Lockett v Juviler,* 65 NY2d 182; *People v Jason,* 240 AD2d 760; *People v Moss,* 234 AD2d 610; *Matter of Klein v Cowhey,* 161 AD2d 643; *People v Barnes,* 160 AD2d 342; *People v Joyner,* 171 Misc 2d 544, *affd* 247 AD2d 945). Furthermore, the County Court did not improvidently exercise or abuse its discretion in resentencing the defendant to a period of incarceration of three to nine years on his conviction for manslaughter in the first degree (*see,* Penal Law §§ 125.20, 70.02 [3] [a]; [4]).

The defendant's remaining contentions are without merit. Miller, J. P., Copertino, Pizzuto and Florio, JJ., concur.