OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the original sentence of County Court, Westchester County, imposing a sentence of five years’ probation as a youthful offender, reinstated.
In October 1995, following a jury trial in County Court, Westchester County, defendant was convicted of manslaughter in the first degree. During sentencing, defendant made an application to be adjudicated a youthful offender. The People opposed the application and asked the court to consider that, while free on bail and awaiting sentencing for the manslaughter conviction, defendant had been indicted in Kings County for robbery and related offenses. The People further noted that defendant had been identified in a line-up by one of the victims in Kangs County and that his jacket had been recovered in the flight path from the scene of the crime.
In response, counsel for defendant stated, “it’s our defense that this fifteen year old took * * * [defendant’s] coat and went to perform a robbery with some other persons.” Defendant’s counsel further stated that defendant had a “valid alibi under my standards, although it hasn’t been tested yet, where we put in an alibi notice that he wasn’t present. But it hasn’t been tested yet.”
Westchester County Court granted defendant’s motion, vacated the conviction and adjudicated defendant a youthful offender, sentencing him to five years’ probation. The court stated:
“Defendant is presumed to be innocent of the charges brought against him in Kings County. The People have not presented evidence sufficient to persuade the Court that the Defendant actually engaged in any conduct which would have an adverse effect on the Court’s determination of sentence. * * * [T]he mere fact that he has been charged with other crimes cannot and will not be a factor in this Court’s determination.”
*786 The court noted, however, that if defendant was ultimately-convicted of the crimes with which he had been charged in Kings County, the court would consider the subsequent conviction and re-sentence defendant accordingly.
Six months after sentencing, defendant pleaded guilty in Kings County to attempted criminal possession of a weapon in the third degree, in full satisfaction of the robbery charges. Based upon defendant’s guilty plea in Kings County, the same court and Judge in Westchester County vacated the original youthful offender adjudication. Initially, the Westchester County Judge incorrectly sought to treat defendant’s subsequent conviction in Kings County as a violation of probation. Penal Law § 65.00 (2) states that “if the defendant commits an additional offense or violates a condition [of probation, the court may] revoke the sentence at any time prior to the expiration or termination of the period of probation.” In this case, because defendant was arrested and indicted in Kings County prior to his sentence hearing on the manslaughter conviction, it is uncontested that the later conviction in Kings County could not constitute a violation of probation. Once realizing this error, the Judge re-sentenced defendant as an adult to a term of three to nine years, on the ground that defendant obtained the youthful offender adjudication by fraud. The Appellate Division affirmed (People v Minott, 254 AD2d 306).
We conclude that defense counsel’s qualified statements, made at the sentencing hearing, regarding defendant’s alibi defense in an unrelated case, did not constitute fraud or misrepresentation. Counsel’s statements merely relayed to the court the theory of defense which defendant intended to assert in Kings County. Although counsel represented that “we have a valid alibi under my standards,” he was careful to qualify his statement by acknowledging that the alibi defense “hasn’t been tested yet.” Equivocal and subjective language depicting a theory of defense cannot, in this case, be deemed, as a matter of law, a misrepresentation sufficient to vacate a youthful offender adjudication.
Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Wesley and Rosenblatt concur in memorandum; Judge Ciparick taking no part.
Order reversed, etc.