■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN CHERENA, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Carey, J.), rendered May 23, 1990, convicting him of criminal possession of a weapon in the third degree, attempted assault in the second degree, resisting arrest, petit larceny, criminal possession of stolen property in the fifth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Rosato, J.), without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant did not sustain his burden of showing that he had a reasonable expectation of privacy in the stolen vehicle and therefore he lacks standing to challenge the validity of the search *(see, People v Wesley,* 73 NY2d 351; *People v Rodriguez,* 69 NY2d 159; *People v Ponder,* 54 NY2d 160).

The defendant contends that his guilt of criminal mischief in the fourth degree was not established beyond a reasonable doubt because the People did not present any direct evidence of the defendant's presence in or near the vehicle from which the stolen radio was removed *(see,* Penal Law § 145.00). Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In particular, the evidence that the recently stolen radio was on the front passenger seat of the car the defendant had been driving, that shortly before his arrest the defendant appeared to be surveying vehicles in a shopping center parking lot, and that he attempted to flee and assault a police officer upon being stopped, clearly established the defendant's guilt *(see, People v Baskerville,* 60 NY2d 374; *People v Williams,* 172 AD2d 700). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit *(see, People v Logan,* 74 NY2d 859; *People v Aleschus,* 55 NY2d 775; *People v Alleyne,* 154 AD2d 473). Mangano, P. J., Harwood, Eiber and O'Brien, JJ., concur.