■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS JENKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered February 20, 1990, convicting him of assault in the second degree, attempted assault in the second degree (two counts), criminal contempt in the second degree, aggravated harassment in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, we find that there was sufficient evidence to establish the "physical injury" element of assault in the second degree *(see,* Penal Law § 10.00 [9]; *People v Greene,* 70 NY2d 860; *People v Rojas,* 61 NY2d 726). The defendant further contends that his testimony regarding the incident, in which he maintained that he was acting in self-defense and did not carry a knife, was more believable than that of the complaining witnesses. However, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual

review power, we are satisfied that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant further contends that the court erred in denying his request for a mistrial after one of the complainants, in an unresponsive statement to the court during cross-examination, indicated that the defendant had previously threatened her with a knife. Assuming, arguendo, that this evidence was inadmissible under the facts of this case *(but see, People v Alvino,* 71 NY2d 233, 241-242; Fisch, New York Evidence § 210 [2d ed]), any prejudice was alleviated by the trial court's curative instruction *(see, People v Santiago,* 52 NY2d 865; *People v Rodriguez-Alvarez,* 156 AD2d 733; *People v Lee,* 118 AD2d 593).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are either unpreserved for appellate review or without merit. O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.