■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR JONES, Appellant. [604 NYS2d 105] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered April 14, 1992, convicting defendant, after a jury trial, of criminal sale and possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to two concurrent terms of 5 to 10 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter of law to support the verdict. Moreover, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490, 495). The issues raised by defendant concerning the credibility of the undercover officer and other police witnesses, including the conflicts between Grand Jury and trial testimony as to whether defendant was arrested at a different time than the codefendants, were properly placed before the jury, and we find no reason on the record before us to disturb its determination. The prosecutor's summation did not deny defendant a fair trial, but was a fair response to a defense summation that attacked the credibility of the People's witnesses *(see, People v Rodriguez,* 159 AD2d 356, 357, *lv denied* 76 NY2d 795). The robing room conference at which counsel stated her exceptions to the charge was an ancillary proceeding at which only legal argument was made, and thus defendant's absence therefrom did not affect his ability to defend and was not a violation of his right to be present at all material steps of the trial *(People*

*v Velasco,* 77 NY2d 469, 472). Moreover, defendant's counsel expressly declined the opportunity extended by the court to consult with defendant. Defendant's claim that the court's charge changed the theory of the prosecution is unpreserved and we decline to reach it. If we were to reach it, we would find that inasmuch as the court's possible misstatement was fleeting and the remainder of the charge was in accordance with the People's theory, the error was harmless.

We have considered the other contentions of defendant, and find them to be without merit. Concur—Ellerin, J. P., Wallach, Kupferman and Nardelli, JJ.