■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TRACY STRUNKEY, Respondent. [609 NYS2d 257] —Appeal by the People from an order of the Supreme Court, Kings County (Lewis, J.), dated March 4, 1993, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence to the extent of directing

the suppression of narcotics seized during the search of an automobile.

Ordered that the order is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress the physical evidence of narcotics seized during the search of the automobile is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

The weight of the evidence produced at the hearing held in connection with that branch of the defendant's omnibus motion which was to suppress physical evidence established the following: On November 9, 1991, a police officer observed the operator of a red BMW automobile commit a traffic infraction. The officer signalled to the driver of the BMW to stop and the driver complied. As the officer approached, a passenger in the BMW exited from the vehicle and was permitted to leave. The officer continued toward the driver, who had also exited from the BMW. Upon the officer's request for the production of his license, registration and insurance information, the operator of the BMW spontaneously dropped a package to the ground and fled.

The officer, who was "taken aback" by the BMW operator's reaction to his request, retrieved the package which had been abandoned, called to his partner, and gave chase. The officers' pursuit of the motorist ultimately proved unsuccessful. The package left by the motorist was examined and this examination revealed the presence of a white powdery substance contained in a clear plastic bag. It was later learned that the vehicle had been stolen. An inventory search revealed the presence of additional packages of what were later identified as narcotics.

The defendant was subsequently arrested and identified as the operator of the BMW. He sought to suppress both the narcotics retrieved at the scene and the narcotics discovered during the subsequent inventory search. The Supreme Court held (1) that the defendant had standing, (2) that the seizure of the narcotics during the inventory search of the vehicle was illegal, and (3) that the seizure of the narcotics which had been thrown to the ground by the defendant was proper. The only issues raised on this appeal by the People are whether the defendant had standing to object to the search of the vehicle and whether that search was illegal.

The evidence establishes that the defendant had no legitimate expectation of privacy with respect to the vehicle which was owned by and stolen from another individual. Therefore,

the defendant had no standing to object to the search of the vehicle *(see generally, People v Cherena,* 177 AD2d 638; *People v Butler,* 150 AD2d 789; *People v Mercado,* 114 AD2d 377). Even assuming that the defendant had standing, the evidence establishes that he abandoned both the package which he threw to the ground and the vehicle. His sudden flight from both the package and the vehicle was not prompted by any illegal police conduct *(see, People v Howard,* 50 NY2d 583, 592, *cert denied* 449 US 1023; *People v Bloomfield,* 156 AD2d 572; *see also, People v King,* 193 AD2d 1075; *People v Anderson,* 118 AD2d 788, *cert denied* 479 US 859). Finally, a warrantless search of the vehicle would have been justified in any event, given the defendant's flight, coupled with the nature of the contents of the package he left behind, which furnished ample probable cause for his arrest. These same circumstances supplied probable cause to believe that the vehicle would contain additional contraband *(see, People v Belton,* 55 NY2d 49; *see also, People v Orlando,* 56 NY2d 441, 446; *People v Guido,* 175 AD2d 364).

For these reasons, the order appealed from is reversed and that branch of the defendant's omnibus motion which was to suppress the narcotics seized during the search of the automobile is denied. Bracken, J. P., O'Brien, Copertino and Hart, JJ., concur.