■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BRELAND, Appellant. [633 NYS2d 175] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered February 24, 1994, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On July 19, 1993, at about 9:15 P.M., four men, including the defendant, approached and surrounded the complainant. The defendant, who stood directly in front of her, held a gun to the complainant's head and instructed her not to move or say anything or else she would be shot. The men then took the complainant's pocketbook, which contained $390 in cash and a postal money order for $130, and fled. A short time later, the defendant was arrested after he was identified by the complainant as one of the men who had robbed her.

The defendant was not deprived of his right to be present at a material stage of the trial when the court held an in-camera conference in his absence following the jury charge at which it heard exceptions to the jury charge and the defense counsel's motion for a mistrial based on the prosecutor's summation.

This conference "was an ancillary proceeding at which only legal argument was made, and thus defendant's absence therefrom did not affect his ability to defend and was not a violation of his right to be present at all material steps of the trial" *(People v Jones,* 199 AD2d 6; *see, People v Velasco,* 77 NY2d 469; *People v Ferguson,* 67 NY2d 383; *People v Ramos,* 173 AD2d 748).

Viewed in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), the complainant's testimony was legally sufficient to prove the defendant's identification beyond a reasonable doubt *(see, People v Hussey,* 170 AD2d 693; *People v Castellanos,* 167 AD2d 348, 349). Moreover, the inconsistencies the defendant points out between the complainant's trial testimony and her statements made to the police and/or her Grand Jury testimony, concern issues of credibility and the weight to be accorded her testimony. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and find that they are without merit. Mangano, P. J., Balletta, Pizzuto and Santucci, JJ., concur.