■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELAN J. BROWN, Appellant. [663 NYS2d 879] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered February 5, 1996, convicting him of criminal possession of stolen property in the third degree, upon his plea of guilty, and imposing sentence thereon, and further imposing four additional sentences for the crimes of criminal possession of stolen property in the fourth degree (two counts), unauthorized use of a vehicle in the third degree, and criminal possession of stolen property in the fifth degree, for which the defendant was not convicted. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by vacating the four sentences imposed for the offenses of which the defendant was not convicted; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly determined that he lacked standing to contest the legality of the search of the vehicle which he was operating immediately before his arrest. The defendant had no legitimate expectation of privacy in the vehicle, which was owned by and had been stolen from another individual (*see, People v Strunkey*, 202 AD2d 610; *People v Cherena*, 177 AD2d 638; *People v Gittens*, 110 AD2d 908). Furthermore, the defendant concedes

that the police possessed probable cause to place him under arrest.

The defendant's challenge to the adequacy of the factual basis for his *Alford* plea (*see, North Carolina v Alford*, 400 US 25) is unpreserved for appellate review (*see*, CPL 470.05 [2]; *People v Mackey*, 77 NY2d 846; *People v Lopez*, 71 NY2d 662; *People v Pellegrino*, 60 NY2d 636). In any event, the contention is without merit, since the record demonstrates that his plea of guilty to criminal possession of stolen property in the third degree was knowing and voluntary and was neither improvident nor baseless (*see, People v Doceti*, 175 AD2d 256; *People v Bruno*, 74 AD2d 577).

We discern no error in the court's imposition of an enhanced sentence upon the defendant's conviction of criminal possession of stolen property in the third degree based on the defendant's failure to appear on the scheduled sentencing date (*see, People v Koslow*, 160 AD2d 954; *People v Gamble*, 111 AD2d 869). Moreover, the sentence is not unduly harsh or excessive (*see, People v Suitte*, 90 AD2d 80).

However, the four additional terms imposed by the sentencing court for criminal possession of stolen property in the fourth degree (two counts), unauthorized use of a vehicle in the third degree, and criminal possession of stolen property in the fifth degree must be vacated, since the defendant never pleaded guilty to those offenses. Miller, J. P., Sullivan, Pizzuto and Luciano, JJ., concur.