■ The People of the State of New York, Respondent, v Jermel Ings, Appellant. [668 NYS2d 922] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered July 3, 1996, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution failed to prove his guilt by legally sufficient evidence because the undercover officer's testimony was so replete with inconsistencies, it was incredible as a matter of law. However, since the defendant failed to advance these claims before the trial court with specificity, they are unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245).

In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant knowingly and unlawfully sold cocaine to the undercover officer. Moreover, the inconsistencies the defendant points out between the undercover officer's trial testimony and his testimony at earlier hearings, concern issues of credibility and the weight to be accorded to the evidence presented which are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Thompson, J. P., Sullivan, Florio and McGinity, JJ., concur.