■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL BAPTISTE, Appellant. [671 NYS2d 97] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered November 29, 1995, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was convicted, *inter alia,* of murder in the second degree for the shooting death of the victim outside a nightclub in Brooklyn. On appeal, the defendant contends that the verdict of guilt was against the weight of the evidence because the testimony of the People's primary witness, a security guard employed at the nightclub, was incredible. We dis-

agree. The witness consistently maintained throughout her testimony that she recognized the defendant as a regular patron of the nightclub, and that she had seen the defendant and codefendant pursue the victim and shoot him. Any inconsistencies between the witness's trial testimony and prior statements were explored at trial, and the jury resolved the issue of credibility in favor of the prosecution. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and will not be disturbed where, as here, it is supported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Furthermore, we find no merit to the defendant's claim that the gun found under the passenger seat of his vehicle should have been suppressed. Under the automobile exception to the search warrant requirement, the police may search a vehicle when they have probable cause to believe that evidence of a crime, contraband, or a weapon may be found therein (*see, People v Galak,* 81 NY2d 463; *People v Belton,* 55 NY2d 49; *People v Rodriguez,* 221 AD2d 574). Here, the hearing record reveals that following a high-speed chase, the officers observed the defendant flee from his vehicle armed with a semiautomatic handgun. After a brief pursuit, the defendant was apprehended, and the handgun he had possessed during his attempted escape was recovered. Under these circumstances, the police were justified in searching the defendant's vehicle for contraband related to the gun he had possessed or for additional weapons (*see, People v Goss,* 204 AD2d 984; *People v Strunkey,* 202 AD2d 610; *People v Fulton,* 189 AD2d 778).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.