THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRWIN HAWKINS, Appellant. [691 NYS2d 126] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered May 6, 1997, convicting him of unauthorized use of a vehicle in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lewis, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We agree that the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence, although for different reasons than those stated by the hearing court. The defendant was arrested by a police officer after he fled from a stolen vehicle which was parked on the street. Another officer subsequently searched the vehicle and recovered assorted tools. We find that the defendant had no legitimate expectation of privacy in the vehicle, and lacked standing to contest the legality of the search (*see, People v Brown,* 244 AD2d 348; *People v Cherena,* 177 AD2d 638).

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Altman, J. P., Goldstein, Florio and McGinity, JJ., concur.