■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO PINDER, Appellant. [704 NYS2d 482] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered May 28, 1997, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his identity as the shooter beyond a reasonable doubt. We disagree. Initially, we note that any challenge to the legal sufficiency of the identification evidence is unpreserved for appellate review since the defendant's attorney did not move to dismiss the indictment on that ground at the close of the People's case (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's identity as the shooter.

There is no merit to the defendant's claim that the verdict was against the weight of the evidence because the People's

identification witnesses were unreliable. The minor discrepancies between the descriptions of the shooter given by the eyewitnesses, and the fact that two of the eyewitnesses who identified the defendant in a lineup did not identify him from a photo array, were matters to be considered by the jury in assessing credibility (*see, People v Brown,* 262 AD2d 570; *People v Golden,* 211 AD2d 729, 730; *People v White,* 192 AD2d 736). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Santucci, J. P., Joy, S. Miller and H. Miller, JJ., concur.