■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIC DUPONT, Appellant. [724 NYS2d 901] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered May 19, 1998, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his identity as the shooter was not proven by legally sufficient evidence because the eyewitnesses to the shooting gave trial testimony which was materially inconsistent with their prior statements to the police and their Grand Jury testimony, both of which tended to show that his twin brother was the shooter. He further contends that even if he was the shooter, the proof failed to establish that he acted with depraved indifference to human life. However, neither claim is preserved for appellate review (*see, People v Gray,* 86 NY2d 10; *People v Padro,* 75 NY2d 820; *People v Pinder,* 269 AD2d 547; *People v Grossfeld,* 216 AD2d 319, 320). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to permit a rational trier of fact to conclude that the defendant shot the victim, and that he acted with depraved indifference to human life (*see, People v Rammelkamp,* 167 AD2d 560; *People v Languena,* 129 AD2d 587).

The claimed inconsistencies in the eyewitnesses' testimony were also fully explored at trial. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented were primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88; *see also, People v Pinder, supra*; *People v Baptiste,* 248 AD2d 625; *People v Mack,* 178 AD2d 661). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Bracken, P. J., O'Brien, Smith and Cozier, JJ., concur.