■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC VASQUEZ, Appellant. [728 NYS2d 688] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Perone, J.), rendered June 3, 1999, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial of the defendant's oral motion, made during the course of a hearing, to suppress physical evidence.

Ordered that the judgment is affirmed.

Most of the defendant's present arguments regarding the denial of his suppression motion are unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, since the record demonstrates that the gun at issue was not seized as a result of any unlawful police action (*see,* CPL 140.50; *People v Beriguette,* 84 NY2d 978; *People v Belton,* 55 NY2d 49), the hearing court properly refused to suppress it.

The defendant's contention that the People failed to prove his guilt by legally sufficient evidence is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Ings,* 248 AD2d 485). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt (*see, People v Veras,* 182 AD2d 729). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal, and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. S. Miller, J. P., H. Miller, Schmidt and Cozier, JJ., concur.