■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP GARDNER, Appellant. [738 NYS2d 354] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered March 16, 2000, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt (*see, People v Contes,* 60 NY2d 620). The defendant's harsh and repeated death threats, the relentless pursuit of the victim's friends and brother until he tracked them down at the victim's apartment, the brandishing of a lethal weapon, and the extent and brutality of the fatal injury, were legally sufficient evidence to support a verdict that, under circumstances evincing a depraved indifference to human life, the defendant recklessly engaged in conduct which created a grave risk of death to another person, and caused that person's death (*see,* Penal Law § 125.25 [2]; *People v Roe,* 74 NY2d 20, 24; *People v Sosa,* 181 AD2d 532, 533).

Moreover, to determine whether a verdict is supported by

the weight of the evidence, this Court, like the trier of fact, must weigh the probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony (*see, People v Rayam,* 94 NY2d 557, 560). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Pinder,* 269 AD2d 547, 548). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt on the charge of murder in the second degree was not against the weight of the evidence (*see,* CPL 470.15 [5]; *People v Dupont,* 283 AD2d 587, *lv denied* 97 NY2d 640).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Krausman, J.P., Friedmann, Adams and Crane, JJ., concur.