■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR LOBO, Appellant. [774 NYS2d 402]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered May 29, 2002, convicting him of attempted assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Grogan,* 192 AD2d 719 [1993]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to permit a rational trier of fact to conclude that the defendant attempted to stab one of the complainants with a knife during a barroom fight, and that he was found in possession of that knife (*see People v Jenkins,* 186 AD2d 759 [1992]; *People v Limpert,* 186 AD2d 1005 [1992]).

The claimed inconsistencies in the testimony of the eyewitnesses were minor and fully explored at trial (*see People v Tucker,* 298 AD2d 415 [2002]; *People v Dupont,* 283 AD2d 587 [2001]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard

the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.