■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEZ GOMEZ, Also Known as ALEX GOMEZ, Appellant. [848 NYS2d 282]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered February 15, 2006, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution failed to prove his guilt by legally sufficient evidence because the undercover officers' testimony was so replete with inconsistencies that it was incredible as a matter of law. However, because the defense did not move for dismissal until after summations, these arguments are unpreserved for appellate review (*see People v Romero,* 7 NY3d 911 [2006]; *People v Laguer,* 235 AD2d 495 [1997]; *People v Johnson,* 210 AD2d 174 [1994]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the defendant knowingly and unlawfully sold cocaine to an undercover officer. Further, any inconsistencies between the testimony of the primary undercover officer, to whom the defendant sold the cocaine, and the "ghost" undercover officer who observed the transaction, with respect to events occurring immediately after the sale, did not render their testimony incredible as a matter of law (*see People v Foster,* 64 NY2d 1144, 1147

[1985], *cert denied* 474 US 857 [1985]; *People v Brown*, 233 AD2d 520, 521 [1996]; *People v Garafolo*, 44 AD2d 86, 88 [1974]). Rather, the inconsistencies concern issues of credibility, which are primarily to be determined by the jury, which saw and heard the witnesses (*see People v Dupont*, 283 AD2d 587 [2001]; *People v Ings*, 248 AD2d 485, 486 [1998]; *People v Breland*, 220 AD2d 678, 679 [1995]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Bleakley*, 69 NY2d 490 [1987]; *People v Garafolo*, 44 AD2d at 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Ritter, J.P., Florio, McCarthy and Dickerson, JJ., concur.