THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO AVILES, Appellant. [927 NYS2d 788]—

The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the identification evidence (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 493 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity as the shooter.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Gomez*, 46 AD3d 836 [2007]; *People v Lobo*, 6 AD3d 550 [2004]; *People v Dupont*, 283 AD2d 587 [2001]; *People v Pinder*, 269 AD2d 547 [2000]).

The defendant's contention that the sentencing court considered improper factors in imposing sentence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Garson*, 69 AD3d 650, 652 [2010]; *People v Campbell*, 54 AD3d 959, 960 [2008]; *People v Santos-Mispas*, 38 AD3d 923 [2007]). In any event, the claim is without merit (*see People v Garson*, 69 AD3d at 652; *People v Campbell*, 54 AD3d at 960; *People v Santos-Mispas*, 38 AD3d 923 [2007]). The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Chambers, Austin and Cohen, JJ., concur.