People v Abodalo (2019 NY Slip Op 09279)





People v Abodalo


2019 NY Slip Op 09279


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2018-09283
 (Ind. No. 485/14)

[*1]The People of the State of New York, respondent,
v
Jalal Abodalo, appellant.


Patrick Michael Megaro, Forest Hills, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Judith R. Sternberg and Barbara Kornblau of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Patricia A. Harrington, J.), rendered June 28, 2018, convicting him of course of sexual conduct against a child in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the prosecution established by a preponderance of the evidence that venue was proper in Nassau County (see CPL 20.40[1]; People v Ribowsky, 77 NY2d 284, 291-292; People v Lee, 165 AD3d 838, 839; People v Guzman, 153 AD3d 1273, 1274).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant contends, based upon post-verdict examinations of the trial transcript, that the interpreter used during the trial made errors in translation such that he was denied a fair trial. To the extent that this argument is based on matter that is dehors the record, it is not reviewable on direct appeal (see People v Manzanales, 170 AD3d 752, 753; People v Bethea, 159 AD3d 710, 713; People v Krivoi, 81 AD3d 978). To the extent that this argument is based on matter that does appear in the record, it is without merit (see People v Mosquero, 128 AD3d 985, 986; cf. People v Maxwell, 89 AD3d 1108, 1109).
The defendant's contention that he was improperly excluded from a sidebar conference is unpreserved for appellate review, as he raised no objection at trial (see People v Glover, 96 AD3d 777, 778). In any event, the contention is without merit, since the defendant [*2]knowingly, voluntarily, and intelligently waived his right to be present at legal sidebar conferences (see People v Antommarchi, 80 NY2d 247; People v Reyes, 169 AD3d 721, 721; People v Maldonado, 167 AD3d 1046, 1047). Moreover, the sidebar conferences at issue involved purely legal matters and, thus, did not constitute a material stage of the proceeding (see People v Collins, 99 NY2d 14, 19; People v Breland, 220 AD2d 678, 679).
We agree with the Supreme Court's determination to deny the defendant's Batson challenge (see Batson v Kentucky, 476 US 79), as the defendant failed to make a prima facie showing of purposeful discrimination in the People's exercise of peremptory challenges. The defendant merely contended that the prosecution peremptorily challenged three out of six jurors with Spanish-sounding last names. The defendant failed to offer any showing of facts and circumstances sufficient to raise an inference of purposeful discrimination (see People v Hecker, 15 NY3d 625, 653-655; People v Childress, 81 NY2d 263, 267-268; People v Bolling, 79 NY2d 317, 325; People v Mancha, 162 AD3d 903, 903; People v Santos, 105 AD3d 1064, 1065; People v Redish, 262 AD2d 664, 665).
The defendant contends that he was deprived of a fair trial by the prosecutor's misconduct during summation. The claimed instances of misconduct are either unpreserved for appellate review, constituted fair comment on the evidence, were fair responses to arguments and theories presented in the defense summation, were within the permissible bounds of rhetorical comments, or were not, either individually or collectively, so egregious as to deprive the defendant of a fair trial (see People v Mairena, 160 AD3d 986, 988; People v Baez, 137 AD3d 805; People v Pringle, 136 AD3d 1061, 1063; People v Scurry, 123 AD3d 949; People v Cherry, 127 AD3d 879, 880).
"The defendant's contention that the sentence imposed by the Supreme Court improperly penalized him for exercising his right to a jury trial is unpreserved for appellate review, because he did not set forth the issue on the record at the time of sentencing" (People v Musheyev, 162 AD3d 794, 795; see People v Hodge, 154 AD3d 963, 965; People v Cruz, 137 AD3d 1158, 1160). In any event, this contention is without merit. "The fact that the defendant received a harsher sentence after trial than he was offered during plea negotiations does not indicate that he was punished for exercising his right to a trial" (People v Croom, 171 AD3d 781, 784). "There is no indication in the record that the sentence[ ] [was] the result of vindictiveness or retribution for the defendant's refusal to accept a plea and his exercise of the right to a jury trial" (id. at 784). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., COHEN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court