| People v Figueroa |
| :---: |
| 2023 NY Slip Op 34727(U) |
| January 10, 2023 |
| County Court, Westchester County |
| Docket Number: Indictment No. 22-71987 |
| Judge: George E. Fufidio |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

       -against-

**MARK FIGUEROA**, CHRISTIAN MIRANDA
and MARCO RIVERA,

                          Defendants.
------------------------------------------------------------------X

FUFIDIO, J.

DECISION & ORDER
Indictment No.: 22-71987

Defendant, MARK FIGUREROA, having been indicted on or about August 9, 2022 on one count of aiding, abetting and acting in concert with Christian Miranda in the commission of criminal possession of a controlled substance in the first degree (Penal Law § 220.21) and one count of aiding, abetting and acting in concert with Christian Miranda in the commission of criminal possession of a controlled substance in the third degree (Penal Law § 220.16) has filed an omnibus motion which consists of a Notice of Motion, an Affirmation in Support and a Memorandum of Law. In response, the People have filed an Affirmation in Opposition together with a Memorandum of Law to which the Defendant has filed a reply. Upon consideration of these papers, the stenographic transcript of the grand jury minutes this Court disposes of this motion as follows:

## A. MOTION TO SUPPRESS STATEMENTS

The Court grants the Defendant's motion to the extent that a *Huntley* hearing shall be held prior to trial to determine whether any statements allegedly made by the Defendant, which have been noticed by the People pursuant to CPL 710.30 (1)(a) were involuntarily made by the Defendant within the meaning of CPL 60.45 (*see* CPL 710.20 (3); CPL 710.60 [3][b]; *People v Weaver*, 49 NY2d 1012 [1980]), obtained in violation of Defendant's Sixth Amendment right to counsel, and/or obtained in violation of the Defendant's Fourth Amendment rights (*see Dunaway v New York*, 442 US 200 [1979]).

## B. MOTION TO SUPPRESS PHYSICAL EVIDENCE

The Court grants the Defendant's motion solely to the extent that *Mapp* and *Dunaway* hearings are directed to be held prior to trial to determine the propriety of any search resulting in the seizure of property that resulted when the car that the Defendant was driving was stopped by the police on August 2, 2022 (*see, Mapp v Ohio*, 367 US 643 [1961]) and whether any evidence was obtained in violation of the defendant's Fourth Amendment rights as a result of that car stop, including, *inter alia*, the seizure of three cellular telephones and four kilograms of cocaine (*see, Dunaway v New York*, 442 US 200 [1979]). The hearing will particularly emphasize the validity of the consent to search his car that the Defendant supposedly gave to the police upon being stopped.

To the extent that he is challenging the search of the cellular telephones that were seized from the car he was driving when he was stopped, to wit, one grey Samsung phone, IMEI # 359011833941713, one grey Samsung phone, IMEI # 350239333859288 and a black iphone in an otterbox case, each of those phones were searched pursuant to a search warrant. Upon the Court's review of the four corners of the search warrant affidavit and order, it finds that the warrant was adequately supported by probable cause (*see People v Keves*, 291 AD2d 571 [2d Dept 2002]; *see generally People v Badilla*, 130 AD3d 744 [2d Dept 2015]; *People v Elysee*, 49 AD3d 33 [2d Dept 2007]). The warrant affidavit in support provides information that demonstrated probable cause to believe that evidence in the phone could tend to show that the offense was committed and that the Defendant committed the crime. The defendant has failed to demonstrate that the warrant was based upon an affidavit containing false statements made knowingly or intentionally, or with reckless disregard for the truth (*People v McGeachy*, 74 AD3d 989 [2d Dept 2010]).

To the extent that he is challenging the search of the apartment at 50 Nepperhan Avenue in Yonkers and search and seizure of a phone that was found therein and phones that were taken from his co-defendants, the Defendant has not established standing to challenge those searches and seizures (*see Rakas v. Illinois*, 439 US 128 [1978]; *People v. Ramirez-Portoreal*, 88 NY2d 99 [1996]; *People v. Ponder*, 54 NY2d 10 [1981]; *People v. White*, 153 AD3d 1369 [2d Dept 2017]; *People v. Hawkins*, 262 AD2d 423 [2d Dept 1999]). Should he be able to establish standing at the above ordered hearing, then the defendant may revive his suppression motion as to 50 Nepperhan Avenue and the items seized therein.

## C. DISCOVERY ORDER

Pursuant to Administrative Order 393/19, it is:

ORDERED, that the District Attorney and the Assistant District Attorney responsible for the case, are required to make timely disclosure of information favorable to the defense as required by *Brady v Maryland*, 373 US 83 [1963]; *Giglio v United States*, 405 US 150 [1972]; *People v Geaslen*, 54 NY2d 510 [1981]; and their progeny under the United States and New York State Constitutions and by Rule 3.8(b) of the New York State Rules of Professional Conduct; and it is further

ORDERED, that the District Attorney and the Assistant District Attorney responsible for the case or, if the matter is not being prosecuted by the District Attorney, the prosecuting agency and its assigned representatives, have a duty to learn of such favorable information that is known to others acting on the government's behalf in the case, including the police, and are therefore expected to confer with investigative and prosecutorial personnel who acted in the case and to review all files which are directly related to the prosecution or investigation of this case. For purposes of this Order, favorable information can include but is not limited to:

a) Information that impeaches the credibility of a testifying prosecution witness, including

(i) benefits, promises, or inducements, express or tacit, made to a witness by a law enforcement official or law enforcement victim services agency in connection with giving testimony or cooperating in the case;

(ii) a witness's prior inconsistent statement, written or oral;

(iii) a witness's prior convictions and uncharged criminal conduct;

(iv) information that tends to sow that a witness has a motive to lie to inculpate the defendant, or a bias against the defendant or in favor of the complainant or the prosecution; and

(v) information that tends to show impairment of a witness's ability to perceive, recall, or recount relevant events, including impairment resulting from mental or physical illness or substance abuse;

b) Information that tends to exculpate, reduce the degree of an offense, or scupport a potential defense to a charged offense;

c) Information that tends to mitigate the degree of the defendant's culpability as to a charged offense, or to mitigate punishment;

d) Information that tends to undermine evidence of the defendant's identity as a perpetrator of a charged crime, such as a non-identification of the defendant by a witness to a charged crime or an identification or other evidence implicating another person in a manner that tends to cast doubt on the defendant's guilt; and

e) Information that could affect in the defendant's favor the ultimate decision on a suppression motion; and it is further

ORDERED, that the District Attorney and the Assistant District Attorney responsible for the case or any other agent prosecuting the case is hereby advised of his/her duty to disclose favorable information whether or not such information is recorded in tangible form and irrespective of whether the prosecutor credits the information; and it is further

ORDERED, that the District Attorney and the Assistant District Attorney responsible for the case or any other agent responsible for the prosecution of the case is directed that favorable information must be timely disclosed in accordance with the United States and New York State constitutional standards, as well as CPL Article 245. Disclosures are presumptively "timely" if they are completed no later than 30 days before commencement of trial in a felony case and 15 days before commencement of trial in a misdemeanor case. Records of a judgment of conviction or a pending criminal action ordinarily are discoverable within the time frame provided in CPL Article 245. Disclosures that pertain to a suppression hearing are presumptively "timely" if they are made no later than 15 days before the scheduled hearing date; and it is further

ORDERED, that the District Attorney and the Assistant District Attorney responsible for the case or any other agent responsible for the prosecution of the case is hereby reminded and informed that his/her obligation to disclose is a continuing one; and it further

[* 3]

ORDERED, notwithstanding the foregoing, that a prosecutor may apply for a protective order, which may be issued for good cause, and CPL Article 245 shall be deemed to apply, with respect to disclosures required under this Order. Moreover, the prosecutor may request a ruling from the court on the need for disclosure. Only willful and deliberate conduct will constitute a violation of this Order or be eligible to result in personal sanctions against the prosecutor; and it is further

ORDERED, that counsel for the defendant is required to:

a) confer with the defendant about his/her case and is required to keep the defendant informed about all significant developments in this case; and

b) timely communicate any and all plea offers to the defendant and to provide him/her with reasonable advice about the advantages and disadvantages of any such plea offer including the potential sentencing ranges that apply in the case;

c) where applicable, insure the defendant receives competent advise concerning immigration consequences as required under *Padilla v. Kentucky*, 559 US 356 [2010];

d) perform a reasonable investigation of the facts and the law pertinent to the case (including, as applicable, visiting the scene, interviewing witnesses, subpoenaing pertinent materials, consulting experts, inspecting exhibits, reviewing all discovery materials obtained from the prosecution, researching legal issues, etc.) or, as appropriate, making a reasonable professional judgment not to investigate a particular matter;

e) comply with the requirements of the New York State Rules of Professional Conduct regarding conflicts of interest, and when appropriate, timely notify the court of a possible conflict so that an inquiry may be undertaken or a ruling made;

f) possess or acquire a reasonable knowledge and familiarity with criminal procedural and evidentiary law to ensure constitutionally effective representation in the case; and

g) in accordance with statute, provide notices as specified in CPL sections 250.10, 250.20 and 250.30 (e.g., a demand, intent to introduce the evidence, etc.) as to the defendant's demand for exculpatory material, the People have acknowledged their continuing duty to disclose exculpatory material at the earliest possible date upon its discovery (*see, Brady v Maryland*, 373 US 83 [1963]; *Giglio v United States*, 405 US 150 [1972]). In the event that the People are, or become, aware of any material which is arguably exculpatory and they are not willing to consent to its disclosure to the defendant, they are directed to immediately disclose such material to the court to permit an *in camera* inspection and determination as to whether the material must be disclosed to the defendant.

## D. MOTION TO PRECLULDE STATEMENT EVIDENCE

This motion is denied. The Defendant has moved to suppress the CPL 710.30 noticed statements and has thereby waived any challenge to the adequacy of the People's notices (*People*

*v Lopez*, 84 NY2d 425 [1994]). The notices have served their purpose, which is to inform the Defendant that the People intend to use certain statements that he made to public officials so that he may attempt to suppress them, which he has done (*People v Rodney*, 85 NY2d 289 [1995]).

## E. MOTION FOR *SANDOVAL/VENTIMIGLIA/MOLINEUX* HEARING

Granted, solely to the extent that *Sandoval/Ventimiglia/Molineux* hearings, as the case may be, shall be held immediately prior to trial, as follows:

I.     Pursuant to CPL §245.20, the People must notify the Defendant, not less than fifteen days prior to the first scheduled date for trial, of all specific instances of Defendant's uncharged misconduct and criminal acts of which the People have knowledge and which the People intend to use at trial for purposes of impeaching the credibility of the Defendant, or as substantive proof of any material issue in the case, designating, as the case may be for each act or acts, the intended use (impeachment or substantive proof) for which the act or acts will be offered; and

II.    Defendant, at the ordered hearing, must then sustain his burden of informing the Court of the prior misconduct which might unfairly affect him as a witness in his own behalf (*see, People v. Malphurs*, 111 AD2d 266 [2nd Dept. 1985]).

The foregoing constitutes the opinion, decision and order of this Court.

Dated:     White Plains, New York
           January 10 , 2023

_____
Honorable George E. Fufidio
Westchester County Court Justice

To:

HON. MIRIAM E. ROCAH
District Attorney, Westchester County
111 Dr. Martin Luther King, Jr. Boulevard
White Plains, New York 10601
BY:
     CHRISTOPHER S. CLARK, ESQ
     Assistant District Attorney

STEWART L. ORDEN, ESQ.
Attorney for the Defendant
2 Overhill Road, Suite 400
Scarsdale, New York  10583

[* 5]