| People v Grant |
| --- |
| 2023 NY Slip Op 34718(U) |
| August 18, 2023 |
| Supreme Court, Westchester County |
| Docket Number: Indictment No. 23-71202 |
| Judge: Anne E. Minihan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

FILED

AUG 2 3 2023

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

FILED

AND ENTERED

ON _Aug. 18_ 2023

WESTCHESTER

COUNTY CLERK

SUPREME COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK·

        -against-

AKEEM GRANT
                        Defendant.
------------------------------------------------------------------X
MINIHAN, J.

DECISION & ORDER
Indictment No. 23-71202

Defendant, Akeem Grant, is charged by Westchester County Indictment Number 23-71202 with Murder in the Second Degree (Penal Law § 125.25[1]), Criminal Possession of a Weapon in the Second Degree (Penal Law § 265.03[3]), Arson in the Third Degree (Penal Law § 150.10[1]), and Tampering with Physical Evidence (Penal Law § 215.40[2]).

Defendant has filed an omnibus motion consisting of a Notice of Motion and an Affirmation in Support. Attached to the motion is also an Affirmation in Support of a Protective Order regarding an anticipated request by the District Attorney's Office for a court-ordered DNA buccal swab of defendant. In response, the People filed an Affirmation in Opposition together with a Memorandum of Law.

      I.

### MOTION to SUPPRESS PHYSICAL EVIDENCE

This branch of defendant's motion is granted solely to the extent of conducting a *Mapp* hearing prior to trial to determine the propriety of any search resulting in the seizure of property from defendant, such as his cellular telephones (*see Mapp v Ohio*, 367 US 643[1961]). The hearing will also address whether any evidence was obtained in violation of defendant's Fourth Amendment rights (*see Dunaway v New York*, 442 US 200 [1979]).

Insofar as defendant challenges the seizure of evidence not obtained from his person, the pre-trial hearing will address whether defendant had a reasonable expectation of privacy in any of the locations searched to constitute standing to challenge the seizure of any physical evidence (*see Rakas v Illinois*, 439 US 128 [1978]; *People v Ramirez-Portoreal*, 88 NY2d 99 [1996]; *People v Ponder*, 54 NY2d 160 [1981]; *People v White, 153* AD3d 1369 [2d Dept 2017]; *People v Hawkins*, 262 AD2d 423 [2d Dept 1999]). If it is determined that defendant has standing, then the *Mapp* hearing will also determine the propriety of the subject search and seizure.

With respect to any evidence which was retrieved pursuant to a search warrant, the motion to suppress is denied. The results of a search conducted pursuant to a facially sufficient search warrant are not subject to a suppression hearing (*People v Arnau*, 58 NY2d 27 [1982]). Upon review of the four corners of the search warrant affidavits, provided to the Court, the warrants were adequately supported by probable cause (*see People v Keves*, 291 AD2d 571 [2d Dept 2002]; *see generally People v Badilla*, 130 AD3d 744 [2d Dept 2015]; *People v Elysee*, 49 AD3d 33 [2d Dept 2007]).

[* 1]

## II.
### MOTION to SUPPRESS NOTICED STATEMENTS and to
### PRECLUDE UNNOTICED STATEMENTS

The People have not noticed any statements. As such, defendant's motion is moot or premature and is denied. To the extent the People choose to cross-examine defendant, should he elect to testify, the People are instructed to obtain a ruling from the trial court should they seek to impeach him with any unnoticed statements.

## III.
### MOTION to PRECLUDE NOTICED IDENTIFICATION TESTIMONY
### CPL 710

Pursuant to CPL § 710.30(1)(b), the People served defendant with notice of five alleged identifications of defendant made from single photographs and videos. Defendant's motion to suppress testimony of the noticed identifications is granted to the limited extent of ordering a pre-trial *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]). At the hearing, the People bear the initial burden of establishing the reasonableness of the police conduct and the lack of any undue suggestiveness (*see People v Chipp*, 75 NY2d 327, 335 [1990] *cert. denied* 498 US 833 [1990]; *People v Berrios*, 28 NY2d 361 [1971]). Once that burden is met, defendant bears the ultimate burden of proving that the procedure was unduly suggestive. Where suggestiveness is shown, the People must show the existence of an independent source by clear and convincing evidence. The hearing will address the People's claim that the identifying witnesses had a sufficient prior familiarity with defendant as to render them impervious to police suggestion (*see People v Rodriguez*, 79 NY2d 445 [1992]).

The hearing will also address whether the identifications were the product of an unlawful arrest without probable cause (*see Dunaway v New York*, 442 US 200 [1979]).

## IV.
### MOTION for *SANDOVAL* and *VENTIMIGLIA* HEARINGS

Defendant has moved for a pre-trial hearing to permit the trial court to determine the extent, if at all, to which the People may inquire into defendant's prior criminal convictions or prior uncharged criminal, vicious, or immoral conduct. On the People's consent, the court orders a pre-trial *Sandoval* hearing (*see People v Sandoval*, 34 NY2d 371[1974]). At said hearing, the People shall notify defendant, in compliance with CPL Article 245, of all specific instances of his criminal, prior uncharged criminal, vicious, or immoral conduct of which they have knowledge and which they intend to use in an attempt to impeach defendant's credibility if he elects to testify at trial, and, in any event, not less than 15 days prior to the first scheduled trial date. Defendant shall bear the burden of identifying any instances of his prior misconduct that he submits the People should not be permitted to use to impeach his credibility. Defendant shall be required to identify the basis of his belief that each event or incident may be unduly prejudicial to his ability to testify as a witness on his own behalf (*see People v Matthews*, 68 NY2d 118 [1986]; *People v Malphurs*, 111 AD2d 266 [2d Dept 1985]).

[* 2]

If the People determine that they will seek to introduce evidence at trial of any prior uncharged misconduct and criminal acts of defendant, including acts sought to be used in their case in chief, they shall so notify the court and defense counsel, in compliance with CPL Article 245, and, in any event, not less than 15 days prior to the first scheduled trial date, and a *Ventimiglia/Molineux* hearing (*see People v Ventimiglia*, 52 NY2d 350 [1981]; *People v Molineux*, 168 NY 264 [1901]) shall be held immediately prior to trial to determine whether or not any evidence of uncharged crimes may be so used by the People. The People are urged to make an appropriate decision in this regard sufficiently in advance of trial to allow any *Ventimiglia/Molineux* hearing to be consolidated and held with the other hearings herein.

## V.
### MOTION for DISCOVERY, DISCLOSURE, and INSPECTION
### CPL ARTICLE 245

To whatever extent material that is discoverable under CPL Article 245 has not already been provided to the defense by the People, the defendant's motion is granted and such discovery, including both *Brady* material[1] and *Rosario* material, shall be provided forthwith. Leave is granted for either party to seek a protective order (CPL Article 245).[2]

In defendant's motion, counsel moves for police arrest and investigative reports, a list of all persons interviewed by law enforcement, and statements of witnesses. The People, in their answer, allege that all existing discovery in their possession has been turned over, including the items requested by counsel. The People provided discovery in this matter on the following dates in 2023: May 1, May 4, May 5, June 7, June 13, June 21, June 22, June 28, July 6, July 19, July 20, and August 10.

If the People have fulfilled their discovery obligations but have not yet filed a Certificate of Compliance, they are directed to do so forthwith and they are reminded of their continuing obligation to remain in compliance with the discovery mandates set forth in CPL Article 245 and to file supplemental Certificates of Compliance as the need arises.

The People must disclose the terms of any deal or agreement made between the People and any prosecution witness at the earliest possible date (*see People v Steadman*, 82 NY2d 1 [1993]; *Giglio v United States*, 405 US 150 [1972]; *Brady v Maryland*, 373 US 83 [1963]; *People v Wooley*, 200 AD2d 644 [2d Dept 1994]).

## VI.
### MOTION for a BILL OF PARTICULARS

Defendant's request for a bill of particulars is denied as untimely (CPL 200.95). Moreover, in accordance with CPL Article 245, defense counsel has a large amount of discovery which will

---

[1] The People have a continuing duty to disclose exculpatory material (*Brady v Maryland*, 373 US 83 [1963]; *see Giglio v United States*, 405 US 150 [1971]). If the People are or become aware of any such material which is arguably subject to disclosure under *Brady* and its progeny and CPL Article 245 which they are unwilling to consent to disclose, they are directed to bring it to the immediate attention of the Court and to submit it for an in-camera inspection by the Court and determination as to whether it constitutes *Brady* material discoverable by defendant.

[2] In fact, a Protective Order was signed in this matter by this Court on June 26, 2023.

[* 3]

allow her to prepare and conduct a defense. This case involved the execution of numerous search warrants which contain affidavits detailing the facts of the case. Additionally, defense counsel is entitled to and has, or will have, a copy of the Grand Jury minutes and exhibits. The People have also provided specific facts of the case in their Affirmation in Opposition. As such, defendant's motion for a bill of particulars is denied.

VII.

## MOTION to INSPECT, DISMISS, and/or REDUCE
## CPL ARTICLE 190

Defendant moves pursuant to CPL 210.20 to dismiss the indictment, or reduce the counts charged against him, on the grounds that the evidence before the Grand Jury was legally insufficient and the Grand Jury proceeding was defective within the meaning of CPL 210.35. On consent of the People, the Court has reviewed the minutes of the proceedings before the Grand Jury.

The Court denies defendant's motion to dismiss or reduce the counts in the indictment for legally insufficient evidence because a review of the minutes reveals that the evidence presented, if accepted as true, would be legally sufficient to establish every element of the offenses charged (*see* CPL 210.30[2]). Pursuant to CPL 190.65(1), an indictment must be supported by legally sufficient evidence which establishes that the defendant committed the offenses charged. "Courts assessing the sufficiency of the evidence before a grand jury must evaluate whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted--and deferring all questions as to the weight or quality of the evidence--would warrant conviction" (*People v Mills*, 1 NY3d 269, 274-275 [2002]). Legally sufficient evidence means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof (CPL 70.10[1]; *see People v Flowers*, 138 AD3d 1138, 1139 [2d Dept 2016]). "In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*People v Jessup*, 90 AD3d 782, 783 [2d Dept 2011]). "The reviewing court's inquiry is limited to whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes, and whether the Grand Jury could rationally have drawn the guilty inference. That other, innocent inferences could possibly be drawn from those facts is irrelevant to the sufficiency inquiry as long as the Grand Jury could rationally have drawn the guilty inference" (*People v Bello*, 92 NY2d 523, 526 [1998]). Here, the evidence presented, if accepted as true, is legally sufficient to establish every element of the offenses charged (CPL 210.30[2]).

With respect to defendant's claim that the Grand Jury proceeding was defective within the meaning of CPL 210.35, a review of the minutes reveals that a quorum of the grand jurors was present during the presentation of evidence and that the Assistant District Attorneys properly and clearly instructed the Grand Jury on the law and only permitted those grand jurors who heard all the evidence to vote the matter (*see People v Collier*, 72 NY2d 298 [1988]; *People v Calbud*, 49 NY2d 389 [1980]; *People v Valles*, 62 NY2d 36 [1984]; *People v Burch*, 108 AD3d 679 [2d Dept 2013]).

To the extent that defendant's motion seeks disclosure of portions of the Grand Jury minutes beyond the disclosure directed by CPL Article 245, such as the prosecutors' instructions and/or colloquies, the Court denies that branch of the motion.

4

VIII.

## MOTION FOR A PROTECTIVE ORDER REGARDING DNA SAMPLE

Defendant moves to prevent the People from seeking an Order compelling him to produce a DNA sample that will be used to compare to DNA evidence obtained during the investigation of this case. Alternatively, defendant asks the Court to issue a protective order preventing any DNA sample from being entered into a local, statewide, or national DNA database. The People have not filed such a motion or otherwise sought such an Order from the Court and as such, defendant's motion is denied as premature. Should the People seek such an Order in the future, defendant will be notified and will have an opportunity to respond.

IX.

## LEAVE TO MAKE ADDITIONAL MOTIONS

Defendant's motion for leave to make additional motions is denied. Defendant must demonstrate good cause for any further pre-trial motion for omnibus relief, in accordance with CPL 255.20(3).

The foregoing constitutes the Decision and Order of this Court.

Dated:      White Plains, New York
             August *18*, 2023

Honorable Anne E. Minihan
Justice of the Supreme Court

To:
Hon. Miriam E. Rocah
District Attorney, Westchester County
111 Dr. Martin Luther King, Jr., Blvd.
White Plains, NY 10601
Attn: ADA Nadine Nagler
     ADA Timothy O'Hara
NNagler@westchesterda.net
TOHara@westchesterda.net

Christina Hall, Esq.
600 Mamaroneck Avenue, Suite 400
Harrison, NY 10528
CTHall.justice@gmail.com
*Attorney for defendant, Akeem Grant*

5

[* 5]